[Civ. No. 21625. Third Dist. Sept. 14, 1982.]

TIMOTHY JOE PLUNKETT, Plaintiff and Appellant, v.
DORIS V. ALEXIS, as Director, etc., Defendant and Respondent.

COUNSEL

Kenneth M. Foley for Plaintiff and Appellant.

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, and Susan P. Underwood, Deputy Attorney General, for Defendant and Respondent.

OPINION

EVANS, J.—Plaintiff appeals the denial of his petition for a writ of mandamus (Code Civ. Proc., § 1094.5) to compel the Department of Motor Vehicles (DMV) to vacate its suspension of his driver's license. (Veh. Code, § 13353.)[1] Section 13353, subdivision (b), mandates such suspension when a motorist lawfully arrested for driving under the influence of intoxicating liquor refuses to submit to one of three chemical tests for the purpose of determining the level of intoxication.

Plaintiff contends (1) the officer failed to insure plaintiff understood the section 13353 admonition; and (2) the officer should have determined plaintiff was incapable of refusing any test and administered a test to him. We disagree with both contentions and affirm the judgment.

I

In the early morning hours of July 18, 1981, California Highway Patrol Officer Albert Courtright responded to a vehicle accident on Highway 4. When the officer arrived on the scene, plaintiff was sitting on the curb and his vehicle was upside down against a tree.

Plaintiff smelled of alcohol, his eyes were bloodshot and watery, his speech was slurred, and he was in great pain. Plaintiff had a deep gash on his nose and severe abdominal pain. Courtright transported plaintiff to the hospital and arrested him for driving under the influence. (Former § 23102, subd. (a).)

Five to ten minutes after their arrival at the hospital, Officer Courtright twice read plaintiff the admonition or warning required by

---

[1]All further references, unless otherwise indicated, are to the Vehicle Code.

section 13353.[2] According to the officer, plaintiff stated, "I will not take any of those tests." Courtright told plaintiff if the latter failed to take a test, he would lose his driver's license for six months, which the officer knew would harm plaintiff's business. Plaintiff allegedly stated he understood.

Plaintiff, who suffered a broken nose and fractured sternum, testified he was in great pain and could not remember anything the officer said. Plaintiff remembered the officer had asked some questions, but plaintiff did not remember saying he would not take any test. Plaintiff admitted he "had a few beers."

## II

■ The trial court applied the independent judgment standard of review[3] and denied the petition. It found plaintiff was conscious at all times and there was no evidence the pain plaintiff suffered rendered him incapable of understanding Officer Courtright. The court ruled the plaintiff had indicated he understood Courtright, and at no time had plaintiff told the officer he did not understand.

■ Plaintiff relies on *Thompson v. Department of Motor Vehicles* (1980) 107 Cal.App.3d 354 [165 Cal.Rptr. 626], for the proposition that the officer must insure the driver understands the section 13353 admonition. In *Thompson*, police radio transmissions interfered with the conversation between the officer and the driver. (*Id.*, at pp. 358-360.) Under these circumstances, the court held the officer had the burden to give the section 13353 admonition "in a manner comprehensible to the driver." (*Id.*, at p. 363.)

Plaintiff contends his great pain following the accident is analogous to radio interference; that it required the officer to determine whether plaintiff was capable of understanding the admonition. We disagree. The proper focus is on the manner the warning was given, rather than

---

[2]Failure to submit to a test will result in the suspension of the person's driver's license for a period of six months. (§ 13353, subd. (a)(1).)

[3]We note the issue of whether to apply the substantial evidence test or the independent judgment standard of judicial review is currently pending before the California Supreme Court. (*Berlinghieri* v. *Department of Motor Vehicles* (S.F. 24450, hg. granted July 22, 1982).)* As the trial court here applied the more stringent independent judgment standard, plaintiff may not complain of any error. (See Code Civ. Proc., § 1094.5.)

*Reporter's Note: For Supreme Court opinion see 33 Cal.3d 392 [188 Cal.Rptr. 891, 657 P.2d 383].

the driver's receipt of it. (*Thompson* v. *Department of Motor Vehicles, supra*, 107 Cal.App.3d at p. 363; see *McDonnell* v. *Department of Motor Vehicles* (1975) 45 Cal.App.3d 653, 660-663 [119 Cal.Rptr. 803].) The officer here read the admonition to plaintiff twice, and repeated its terms informally. The record supports the finding plaintiff responded by refusing to take any test. Where, as here, the evidence is that plaintiff indicated he understood the admonition, the law requires no more of the officer. (*Cahall* v. *Department of Motor Vehicles* (1971) 16 Cal.App. 3d 491, 497 [94 Cal.Rptr. 182].)

■ Plaintiff suggests the officer, based on plaintiff's condition, should have considered plaintiff incapable of refusing a test and administered a blood test, with or without plaintiff's consent.

Plaintiff's suggestion is inconsistent with the basic objective of the statute, whose aim is "to eliminate the need for compulsion in the processing of routine cases of suspected drunken driving. [Citation.]" (*Lampman* v. *Department of Motor Vehicles* (1972) 28 Cal.App.3d 922, 927 [105 Cal.Rptr. 101].) Section 13353, subdivision (a)(5), provides for testing without verbal consent only if the driver is dead, unconscious, or "otherwise in a condition rendering him ... incapable of refusal."

Here, although plaintiff was in pain, he expressly refused to take any test and indicated he understood what the officer was telling him. On this record, for the officer to have forcibly administered a test would have been unnecessary and possibly dangerous for both parties.

■ The trial court's findings are supported by substantial evidence. (*Thompson* v. *Department of Motor Vehicles, supra*, 107 Cal.App.3d at p. 358.)

The judgment is affirmed.

Puglia, P. J., concurred.

Blease, J., concurred in the result.

A petition for a rehearing was denied October 12, 1982, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1982. Newman, J., did not participate therein.